UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

```
BERTILE MACK                                *      CIVIL ACTION

versus                                      *      NO. 06-8763

MARTIN INSURANCE AGENCY, INC.,              *      SECTION "F"
WESTPORT INSURANCE CORPORATION,
FIDELITY NATIONAL PROPERTY AND
CASUALTY INSURANCE COMPANY, FIDELITY
HOMESTEAD ASSOCIATION, AND LOUISIANA
CITIZEN'S FAIR PLAN
```

ORDER AND REASONS

Before the Court is plaintiff's motion to remand.  For the reasons that follow, the motion is DENIED.

Background

The plaintiff secured flood insurance through Martin Insurance Agency.  The policy was insured by Fidelity, Westport, and the Louisiana Citizen's Fair Plan, participants in the Write-Your-Own (WYO) policy program of the National Flood Insurance Program (NFIP) operated by FEMA. The plaintiff's property was damaged by Hurricane Katrina.  She filed claims under the flood policy, but the insurers have refused to pay the claim.  Mack sued the defendants, requesting payment for damages to her home and for penalties allowed under Louisiana law.  She stated that she requested an increase in policy limits on her existing policy in June 2005 from Martin Insurance Agency, but these increases were

1

not procured.  Because she is uncertain of which insurer or agent failed to procure the increase in coverage, she alleges negligence of all defendants for this failure.  Fidelity removed the case to this Court on October 20, 2006, invoking this Court's original federal question jurisdiction, arguing that Congress gave federal courts exclusive jurisdiction over lawsuits arising under the NFIP.

Most lawsuits filed after Hurricane Katrina focus on issues of insurance law and have been removed by out-of-state defendant insurance companies.  Common jurisdictional issues run through these cases, and the standards for diversity and federal question jurisdiction and the discretion to remand cases to state court have been enumerated time after time, as well as the standards for the duty owed by insurance agents to the insured. See Kurz v. Scottsdale Ins. Co., 2006 WL 3240787 (E.D. La. Nov. 7, 2006); Thomas P. Ragas v. Jimmy Tarleton III and Allstate Ins. Co., 2006 WL 2925448 (E.D. La. Oct. 10, 2006); Bienemy v. American Sec. Ins. Co., 2006 WL 2925454 (E.D. La. Oct. 10, 2006); Tomlinson v. St. Paul Fire & Marine Ins. Co., 2006 WL 2632105 (E.D. La. Sept. 12, 2006).  The jurisdiction granted by Congress in the legislation establishing the NFIP and FEMA's recent interpretations of the scope of the NFIP has also been resolved.  See Wright v. Allstate Ins. Co., 415 F.3d 384, 389 n.3 (5th Cir. 2005); Newman v. Allstate Ins. Co., 2006 WL 2632116 (E.D. La. Sept. 12, 2006)(Feldman, J.); Sullivan v. State Farm & Casualty Co., 2006 WL 2119320 (E.D. La.

2

July 26, 2006)(Barbier, J.); <u>Landry v. State Farm Fire & Casualty</u>, 428 F. Supp. 2d 531 (E.D. La. 2006) (Fallon, J.).

This case is no different. The plaintiff alleges that her request for increases in the existing policy were not met. She alleges that any of the defendants could be responsible for this omission. But this Court cannot qualify this case as one that falls outside the scope of federal preemption. The policy existed for many years, making this a policy administration claim. <u>See Newman v. Allstate</u>, 2006 WL 2632116 (E.D. La. Sept. 12, 2006)(Feldman, J.). Because all defendants are implicated in the plaintiff's allegations of bad faith claims-handling as well as the failure to adjust the existing policy limits upon request in June 2005, it is clear that federal funds are ultimately at risk. Therefore, this Court has original jurisdiction for resolving claims under the NFIP, as granted by Congress.

Accordingly, the plaintiffs' motion to remand is DENIED.

New Orleans, Louisiana, January 3, 2007.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE