```
                  UNITED STATES DISTRICT COURT

                  EASTERN DISTRICT OF LOUISIANA


BERTILE MACK                              CIVIL ACTION


v.                                        NO. 06-8763


MARTIN INSURANCE AGENCY, INC.,            SECTION "F"
WESTPORT INSURANCE CORPORATION,
FIDELITY NATIONAL PROPERTY AND
CASUALTY INSURANCE COMPANY, FIDELITY
HOMESTEAD ASSOCIATION and LOUISIANA
CITIZENS FAIR PLAN
```

<u>ORDER AND REASONS</u>

Before the Court is the plaintiff's motion for reconsideration. For the reasons that follow, the motion is DENIED.

The facts of this case are outlined in the Court's Order of January 3, 2007, in which the Court denied the plaintiff's first motion to remand. The Court denied the plaintiff's second motion to remand on July 23, 2007. The Court found in both motions that the plaintiff's allegations against all defendants for bad-faith claims-handling and failure to adjust existing policy limits for a policy that had been in effect for many years made the case one of policy administration, not procurement, and, therefore, implicated

federal funds, giving rise to federal jurisdiction.[1] The plaintiff now moves the Court to reconsider this ruling, arguing, as it did in his second motion to remand, that the dismissal of one of the defendants destroys federal question jurisdiction.

Although the Federal Rules of Civil Procedure do not recognize a motion for reconsideration, the Fifth Circuit has held that such motions, if filed within ten days after entry of judgment, must be treated as motions to alter or amend under Rule 59(e); if filed after ten days, the Court must hold them to the more stringent standards of a Rule 60(b) motion for relief from judgment. Lavespere v. Niagara Machine & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990), abrogated on other grounds by Little v. Liquid Air Corp., 37 F.3d 1069, 1075, n. 14 (5th Cir. 1994) (en banc).  On

---

[1] Regarding the flood policy, the plaintiff makes the following allegation of negligence against all defendants: "Petitioner avers that Defendants, FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY, MARTIN INSURANCE AGENCY, INC., FIDELITY HOMESTEAD ASSOCIATION, and WESTPORT INSURANCE CORPORATION, are liable unto Petitioner for damages in the form of structural and personal property loss at the covered location for their negligent failure to properly increase the limits of coverage under her flood insurance policy to $84,000.00 for structure and $20,000.00 for personal property." The plaintiffs further alleges: "Sometime after August 29, 2005, Petitioner discovered that the limits of her flood policy were allegedly not increased, either due to the negligent omission of Defendant, MARTIN INSURANCE AGENCY, INC. and/or Defendant FIDELITY HOMESTEAD ASSOCIATION, and/or Defendant, FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY."  The plaintiff has since dismissed Fidelity Homestead Association and Fidelity National Property and Casualty Insurance Company from the suit, but the claims arising from the plaintiff's federal flood policy against the remaining defendants are intact.

July 23, 2007, the Court denied the plaintiff's second motion to remand.  The Order was entered into the record on the same day.  The plaintiff filed this motion on July 30.  Because the present motion for reconsideration was filed within ten days of entry of the Court's Order denying remand and questions the correctness of the Court's ruling, the Court treats it as a motion under Federal Rule of Civil Procedure 59(e).  See, e.g., U.S. v. Deutsch, 981 F.2d 299 (7th Cir. 1992) (substantive motion served within ten days is treated as a motion under 59(e)); U.S. v. One Dodge Pickup, 959 F.2d 37 (5th Cir. 1992) (motion that calls into question the correctness of the court's ruling is treated as a motion under Rule 59(e)).

   Because of interest in finality, motions for reconsideration may only be granted if the moving party shows there was a mistake of law or fact or presents newly discovered evidence that could not have been discovered previously.  Templet v. Hydrochem, Inc., 367 F.3d 473, 478-79 (5th Cir. 2004).  Moreover, Rule 59 motions should not be used to relitigate old matters, raise new arguments, or submit evidence that could have been presented earlier in the proceedings.  See id. at 479; Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990).  The grant of such a motion is an "extraordinary remedy."  Indep. Coca-Cola Employees' Union of Lake Charles, No. 1060 v. Coca-Cola Bottling Co. United, Inc., No. 04-30142, 2004 WL 2554847, at *4 (5th Cir. Nov. 11, 2004) (citing

Templet v. Hydrochem, Inc., 367 F.3d 473, 479 (5th Cir. 2004)).

In denying remand, this Court analyzed the language in the plaintiff's initial complaint, and considered the pleadings of the parties, including the exhibits and affidavits attached to the pleadings. While the plaintiff may disagree with this Court's finding, the plaintiff raise no new arguments and appears to desire to relitigate the same issue raised in both of her motions to remand. The plaintiff has not presented a mistake of law or fact that would entitle her to the extraordinary remedy that Rule 59 is designed to provide.

Accordingly,

IT IS ORDERED: that the plaintiff's motion for reconsideration is DENIED.

New Orleans, Louisiana, August 20, 2007.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE